UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN LEE BATHEN,<br><br>                      Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, Secretary, Department of Corrections and Rehabilitation, et al.,<br><br>                      Respondents. | Case No.:  20cv2063-MMA(MSB)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING PETITIONER'S MOTION TO STAY**<br><br>**[ECF NO. 3]** |

This Report and Recommendation is submitted to United States District Judge Michael M. Anello pursuant to 28 U.S.C § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.  On October 20, 2020, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition").  (ECF No. 1 ("Pet.").)  On October 21, 2020, Petitioner filed a "Motion to Stay Proceedings Pending Exhaustion of State Remedies and to Hold this Action in Abeyance."  (ECF No. 3 ("Mot. Stay").)  The Court has considered the motion to stay and the record as a whole.  For the reasons set forth below, the Court **RECOMMENDS** that Petitioner's motion be **GRANTED.**

/ / /

## I. FACTUAL AND PROCEDURAL HISTORY

On July 19, 2018, Petitioner was sentenced to two years following his conviction in the San Diego County Superior Court for three counts of making criminal threats. (Pet. at 1-2.) Petitioner appealed his conviction to the California Court of Appeal, raising the following claims: (1) "Insufficiency of the evidence on the element of immediate prospect of execution of the threat"; (2) "Insufficiency of the evidence on the element of the reasonableness of the victim's fear"; (3)" Error to fail to instruct on attempted criminal threat"; and (4) "Error to deny probation and impose the middle term based on lack of remorse." (See id. at 2.) On October 4, 2019, the state appellate court affirmed the judgment. (Id.)

Petitioner filed a petition for review with the California Supreme Court raising Claims 1, 3, and 4 that he raised in the California Court of Appeal. (Id.) The California Supreme Court denied the petition on December 11, 2019. (See Decl. George L. Schraer, ECF No. 3 at 8 ("Schraer Decl."); Pet. at 2.) Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. (See Pet. at 3; see also Mot. Stay at 2.)

After the conclusion of his state court appeal, on April 1, 2020, Petitioner filed a habeas corpus petition in the San Diego County Superior Court claiming ineffective assistance of counsel for failure to investigate a mental health defense based on an antidepressant causing violence of threats as a side effect, which the trial counsel did not investigate. (See Schraer Decl.) The petition was denied on May 6, 2020. (Id.) On July 6, 2020, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, raising the ineffective assistance of counsel claim. (See Schraer Decl.; Pet. at 3-4.) The state appellate court denied the petition on July 13, 2020. (See Schraer Decl.; Pet. at 4.) On August 31, 2020, Petitioner filed a habeas corpus petition in the California Supreme Court raising the same ineffective assistance of counsel claim he raised before the state appellate court. (See Schraer Decl.; Pet. at 3-4, 10.) Petitioner's petition in the California Supreme Court is currently pending. (See Schraer Decl.; Pet. at 4, 10; see also

Case No. D264202, California Courts, Appellate Courts Case Information, California Supreme Court, https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=2326978&doc_no=S264202&request_token=NiIwLSEmXkg9WzBBSCNdXENIUDw0UDxTJSNeTzpTUCAgCg%3D%3D (visited December 9, 2020).)

On October 21, 2020, while Petitioner's state petition was pending in the California Supreme Court, Petitioner filed his federal Petition in this Court.[1] (See Pet.) The Petition contains the following three claims: (1) "Evidence was insufficient to support the element of immediate prospect of execution of the threats"; (2) "Trial court erred when it failed to instruct on the lesser included offense of attempted criminal threat"; and (3) "Ineffective assistance of counsel for failure to investigate a mental health defense based on antidepressant causing violence or threats as a side effect." (Id. at 6-8.)

On October 21, 2020, Petitioner filed a "Motion to Stay Proceedings Pending Exhaustion of State Remedies and to Hold this Action in Abeyance." (See Mot. Stay.)

---

[1]  The Court notes that when Petitioner filed his federal Petition on October 20, 2020, he had already served his prison term and was on parole. (See Mot. Stay at 2; see also Pet.) Federal courts have jurisdiction to consider a habeas petition only if the petitioner is "'in custody' under the conviction or sentence under attack at the time his petition is filed." Fowler v. Sacramento Cnty. Sheriff's Dep't., 421 F.3d 1027, 1033 n.5 (9th Cir. 2005) (quoting Maleng v. Cook, 490 U.S. 488, 490-91 (1989)). "[P]ersons on parole are also 'in custody' for purposes of § 2254." Comstock v. Humphries, 786 F.3d 701, 704 n.1 (9th Cir. 2015); Fowler, 421 F.3d at 1033 n.5 (quoting United States v. Spawr Optical Research, Inc., 864 F.2d 1467, 1470 (9th Cir. 1988) ("A probationary term is sufficient custody to confer [] jurisdiction [to consider a habeas petition].")). Accordingly, Petitioner was considered to be "in custody" when he filed his federal Petition even though he was on probation rather than actually physically confined. See id.
  Petitioner was discharged from the parole status on October 22, 2020. (Mot. Stay at 2.) So long as "the adverse consequences of a criminal conviction remain, a petition for a writ of habeas corpus is not moot, even though the petitioner's custody has expired since filing." Fowler, 421 F.3d at 1033 n.5 (quoting Spawr Optical Research, Inc., 864 F.2d at 1470); Wood v. Hall, 130 F.3d 373, 376 (9th Cir. 1997) (holding there is an irrebuttable presumption that collateral consequences flow from any criminal conviction). Accordingly, the Court has jurisdiction to consider this Petition. Notably, Respondents do not challenge the Court's jurisdiction. (See Docket.)

Petitioner contends that his federal Petition contains two exhausted and one unexhausted claim, and is therefore a "mixed" petition. (Id. at 2.) Petitioner asks the Court to stay and hold the proceedings in abeyance pending state court exhaustion under the "stay and abey" procedure set forth in Rhines v. Webber, 544 U.S. 269, 277-78 (2005). (Id. at 3-5, 7.) Alternatively, Petitioner moves the Court to employ the Ninth Circuit's procedure outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002). (Id. at 5-7.) On December 8, 2020, Respondents filed a "Non-Opposition to Motion to Stay Proceedings." (See ECF No. 6.)

## II. LEGAL STANDARD

A federal court may not address a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each claim raised. See 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 515 (1982). Generally, to satisfy the exhaustion requirement, a petitioner must "'fairly present[ ]' his federal claim to the highest state court with jurisdiction to consider it," or "demonstrate[ ] that no state remedy remains available." Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996) (citing Anderson v. Harless, 459 U.S. 4, 6 (1982); Picard v. Connor, 404 U.S. 270, 275 (1971)).

Pursuant to the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), all federal habeas petitions are subject to a one-year statute of limitations, and claims not exhausted and presented to the federal court within the one-year period are forfeited. 28 U.S.C. § 2244(d). A district court may not consider a "mixed" federal habeas petition—a petition containing both exhausted and unexhausted claims. Rose, 455 U.S. at 522.

Under Rhines, a district court has discretion to stay a "mixed" federal habeas petition, while the petitioner returns to state court to exhaust the unexhausted claims without losing his right to federal habeas review due to the relevant one-year statute of limitations. Rhines, 544 U.S. at 273-78. Once the petitioner exhausts the state court remedies for all of his claims, the district court lifts the stay and allows the petitioner to proceed in federal court on all claims. See id. at 277. The "stay and abeyance"

procedure is available only in "limited circumstances" when the following three conditions are met: (1) the petitioner demonstrates "good cause" for failing to first exhaust his claims in state court; (2) the unexhausted claims potentially have merit; and (3) there is no indication that petitioner intentionally engaged in dilatory litigation tactics. Id. at 277-78; see also Mitchell v. Valenzuela, 791 F.3d 1166, 1171 (9th Cir. 2015) (same). The procedure allows petitioner's "mixed" petition to remain in federal court during the pendency of the state courts' collateral review of the petitioner's claims. See Rhines, 544 U.S. at 277.

Alternatively, a "mixed" federal petition may be stayed pursuant to the procedure outlined in Kelly, 315, F.3d at 1970-71, overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007). A Kelly abeyance requires compliance with the following three-step procedure: (1) petitioner files an amended petition deleting his unexhausted claims; (2) the district court "stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims"; and (3) petitioner subsequently seeks to amend the federal habeas petition to reattach "the newly-exhausted claims to the original petition." King, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71). The petitioner is allowed to amend his newly-exhausted claims back into his federal petition only if the claims are timely under the AEDPA or "relate back" to the exhausted claims in the pending federal petition. Id. at 1140-41, see also Mayle v. Felix, 545 U.S. 644, 662-64 (2005). A new claim relates back to an existing claim if the two claims share a "common core of operative facts." Mayle, 545 U.S. at 664. A stay under Kelly does not toll AEDPA's limitations period with respect to unexhausted claims. King, 564 F.3d at 1140-42.

### III.  A STAY PURSUANT TO RHINES

Petitioner seeks to utilize the "stay and abey" procedure authorized by Rhines, 544 U.S. 269. (Mot. Stay at 3-5.) He asserts that Claim 3 in his federal Petition alleging ineffective assistance of trial counsel for failure to investigate a defense, is not exhausted because the claim was raised in a habeas petition filed in the California

5

1  Supreme Court on August 31, 2020, which is still pending. (Id. at 2.) Petitioner seeks to
2  stay his federal Petition pending exhaustion of state court remedies on his unexhausted
3  claim. (Id. at 3-5.) In support, Petitioner contends that he satisfies all of the Rhines
4  requirements because he has shown good cause for his failure to exhaust the ineffective
5  assistance of counsel claim, the unexhausted claim is not plainly meritless, and he has
6  not deliberately engaged in dilatory tactics. (Id.)

7        Claim 1 and Claim 2 in the federal Petition have been presented to the California
8  Supreme Court on direct appeal and are exhausted. Claim 3 asserted in the federal
9  Petition, however, is currently pending in Petitioner's habeas petition filed in the
10 California Supreme Court, and therefore the claim is not exhausted. See Rose, 455 U.S.
11 at 515 ("[A]s a matter of comity, federal courts should not consider a claim in a habeas
12 corpus petition until after the state courts have had an opportunity to act[.]"); Anderson
13 v. Morrow, 371 F.3d 1027, 1036 (9th Cir. 2004) ("AEDPA's exhaustion requirement
14 entitles a state to pass on a prisoner's federal claims before the federal courts do so.").
15 Because Petitioner's federal Petition contains exhausted and unexhausted claims, it is a
16 "mixed" petition, which this Court may not consider. See Rose, 455 U.S. at 522.

17       As noted above, under Rhines, a district court has discretion to stay a "mixed"
18 federal habeas petition, to allow the petitioner to return to state court to exhaust the
19 unexhausted claims when: (1) the petitioner demonstrates "good cause" for failing to
20 first exhaust his claims in state court; (2) the unexhausted claims potentially have merit;
21 and (3) there is no indication that petitioner intentionally engaged in dilatory litigation
22 tactics. Rhines, 544 U.S. at 273-78. Stay and abeyance pending exhaustion of claims in
23 state court is only available where petitioner shows "good cause" for his failure to
24 exhaust. See id. at 277. Rhines does not define what constitutes good cause for failure
25 to exhaust, and the Ninth Circuit has not established a precise definition beyond holding
26 that the test is less stringent than an "extraordinary circumstances" standard. See Blake
27 v. Baker, 745 F.3d 977, 980 (9th Cir. 2014); Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir.
28 2005); see also Banks v. Frauenheim, Case No.: 18cv0147 JLS (JLB), 2018 WL 3417524, at

*3 (S.D. Cal. July 13, 2018) ("Neither the United States Supreme Court nor the Ninth Circuit has established a precise definition of 'good cause' for a stay under Rhines."). The good cause requirement should be interpreted in light of the Supreme Court's admonition that stays be granted only in "limited circumstances" so as not to undermine AEDPA's twin goals of reducing delays in the execution of criminal sentences and streamlining federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court. See Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (citing Rhines, 54 U.S. at 276-77). "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence," to justify petitioner's failure to exhaust the unexhausted claim in state court. Blake, 745 F.3d at 982 (citing Pace, 544 U.S. at 416). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Id.

Petitioner alleges that his trial counsel was ineffective because he failed to investigate a defense based on the side effects of the antidepressant that Petitioner was taking at the time when he made a cross-country verbal threat to his former therapist. (Pet. at 8.) Petitioner contends that he was not able to exhaust his ineffective assistance of trial counsel claim in his direct appeal because the claim is "based on evidence that was not part of the record on appeal[,]" and "is the product of new investigation that petitioner's trial attorney should have, but did not, conduct." (Mot. Stay at 4.) Petitioner cites Blake for the proposition that "[g]ood cause can consist of ineffective assistance of counsel for failure to present the claim in state court." (Id. (citing Blake, 745 F.3d at 983-84).)

In Blake, petitioner submitted evidence of his history of mental illness and abusive childhood, an investigator's declaration stating that the petitioner's appellate counsel did not allow the investigator to complete his investigation, and declarations from thirteen family members and friends who had not previously been contacted by the petitioner's post-conviction counsel. Blake, 745 F.3d at 983. Based on this evidence,

the Ninth Circuit concluded that the petitioner presented "a concrete and reasonable excuse, supported by evidence" to establish there was "good cause" for his failure to exhaust his claim of ineffective assistance of counsel required for a stay. Id. In this case, however, Petitioner has not presented any evidence to support his good cause argument. A "bald assertion cannot amount to a showing of good cause[.]" Id. at 982; see also Wizar v. Sherman, Case No. CV 15-03717-PSG (KES), 2016 WL 3523837, at *4 (C.D. Cal. May 19, 2016) (a "bald assertion" of alleged ineffective assistance of appellate counsel in support of request for Rhines stay is insufficient to establish good cause); Davis v. Biter, No. 12–CV–3001–BEN (BLM), 2014 WL 2894975, at *8-9 (S.D. Cal. June 25, 2014) (denying a motion for a stay and abeyance under Rhines because the petitioner had not presented any evidence to support his good cause argument); Nogueda v. Cal., No. 2:14–cv–1045 GGH P, 2014 WL 5473548, at *2 (E.D. Cal. Oct. 23, 2014) ("[P]etitioner has failed to support the request to stay certain ineffective assistance claims, as required in Blake (i.e., there is no documentation-as opposed to oral assertions[.]"). Petitioner therefore fails to set forth a "reasonable excuse, supported by sufficient evidence," to justify his failure to exhaust the ineffective assistance of counsel claim. See Blake, 745 F.3d at 983.

Because Petitioner fails to show good cause for his failure to exhaust the ineffective assistance of counsel claim, the Court need not consider whether Petitioner's arguments are plainly meritless or whether he engaged in intentionally dilatory litigation tactics. See Wooten, 540 F.3d at 1023 ("We hold that the district court did not abuse its discretion in concluding that [petitioner] did not have 'good cause' for failing to exhaust his . . . claim. As a result, we need not reach the other two factors in the Rhines test."). Accordingly, the Court finds that Petitioner is not entitled to a stay under Rhines. The Court therefore **RECOMMENDS** that Petitioner's motion to stay and abey pursuant to Rhines be **DENIED.**

///

///

## IV.  A STAY PURSUANT TO KELLY

As discussed above, a Rhines stay is not available to Petitioner, and the Court will next consider whether Petitioner is eligible for a stay pursuant to Kelly.  Kelly, 315 F.3d 1063.  Under the Kelly procedure, a court may grant a stay unless the new and unexhausted claim is untimely and, therefore, may not be added to the existing petition.

The AEDPA imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.  28 U.S.C. § 2244(d).  The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

The California Supreme Court denied Petitioner's petition for review on direct appeal on December 11, 2019.  (See Schraer Decl.; Pet. at 2.)  Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.  (See Pet. at 2; Mot. Stay at 2.)  The statute of limitations for federal habeas corpus began to run ninety days later on March 10, 2020.  See Sup. Ct. R. 13 (requiring the filing of a petition for certiorari within ninety days of the entry of an order denying discretionary review by the state supreme court); see also Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (stating that the one-year statute of limitations under AEDPA begins to run the day after

the conviction becomes final); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (providing that limitations period does not begin until after expiration of ninety-day period for seeking certiorari from the United States Supreme Court).  Absent tolling, the limitations period in this case will expire on March 10, 2021, one year after Petitioner's judgment became final when the time for filing a petition for writ of certiorari had expired.  See 28 U.S.C. § 2244(d)(1)(A) (AEDPA's one-year statute of limitations begins to run on "the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]").  Petitioner filed his federal Petition on October 20, 2020.  (See Pet.)  Therefore, at the time Petitioner filed his Petition, AEDPA's one-year statute of limitations had not expired, and the exhausted claims asserted in the Petition are timely.

Turning to Petitioner's unexhausted ineffective assistance of counsel claim, the one-year statute of limitations for filing a federal habeas petition is statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]"  28 U.S.C. § 2244(d)(2).  The interval between the disposition of one state petition and the filing of another may be tolled under "interval" tolling.  Carey v. Saffold, 536 U.S. 214, 223 (2002).  "[T]he statute of limitations is tolled for 'all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.'"  Harris v. Carter, 515 F.3d 1051, 1053 n.3 (9th Cir. 2008) (quotation omitted); see also Carey, 536 U.S. at 222-23 (discussing California's collateral review process).  The statute of limitations is tolled from the time a petitioner's first state habeas petition is filed until state collateral review is concluded; however, the statute of limitations is not tolled before the first state collateral challenge is filed.  Thorson v. Palmer, 479 F.3d 643, 646 (9th Cir. 2007).

The statute of limitations for federal habeas corpus in this case began to run on March 10, 2020.  On April 1, 2020, Petitioner filed his petition for writ of habeas corpus in the San Diego County Superior Court asserting ineffective assistance of counsel.  (See

Schraer Decl.; Pet. at 3.)  This twenty-two day span does not statutorily toll the one-year limitations period.  See Thorson, 479 F.3d at 646 (providing that the statute of limitations is not tolled before the first state collateral challenge is filed).  The court denied the petition on May 6, 2020.  (Schraer Decl.; Pet. at 3.)  Sixty-one days later, on July 6, 2020, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, raising his ineffective assistance of counsel claim.  (Id.)
Statutory tolling applies to "intervals between a lower court decision and a filing of a new petition in a higher court[.]"  Carey, 536 U.S. at 223.  A petitioner is therefore entitled to statutory tolling "not only for the time that his petitions were actually under consideration, but also for the intervals between filings, while he worked his way up the ladder[,]" provided that those filings are timely.  Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003).  A petition for collateral review in California is considered timely if it is filed within a "reasonable" amount of time.  Carey, 536 U.S. at 222-23.  Here, Petitioner's petition to the California Court of Appeal was filed within sixty-one days, which is presumably within a "reasonable" amount of time, and interval tolling applies to the period between the denial of Petitioner's superior court petition and the filing of the appellate court petition.  See Evans v. Chavis, 546 U.S. 189, 201 (2006) (stating that the reasonableness determination should be considered in light of the fact that most states allow approximately thirty to sixty days for filing an appeal).

      The California Court of Appeal denied Petitioner's habeas petition on July 13, 2020.  (See Schraer Decl.; Pet. at 4.)  On August 31, 2020, Petitioner filed a habeas corpus petition in the California Supreme Court raising his ineffective assistance of counsel claim, which is currently pending in the California Supreme Court.  (See Schraer Decl.; Pet. at 3-4, 10.)  The AEDPA statute of limitations remains tolled until the California Supreme Court rules on the pending petition.  As a result, Petitioner's proposed ineffective assistance of counsel claim is timely, and the exhaustion of the claim is imminent.

The Court therefore **RECOMMENDS** that Petitioner be permitted a stay under Kelly pending state court exhaustion of his claim of ineffective assistance of counsel. To comply with the Kelly procedure, the Court further recommends that Petitioner be required to file an amended federal habeas petition deleting his unexhausted claim within seven (7) days of the District Judge's ruling on this Report and Recommendation. The Court will then stay and hold in abeyance the amended, fully exhausted petition while Petitioner continues to exhaust the deleted claim. Petitioner will then be responsible for amending his federal habeas Petition to reattach his newly-exhausted claim to the original Petition in a timely fashion.

### V. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order: (1) approving and adopting this Report and Recommendation and (2) **DENYING** Petitioner's Motion for Stay and Abeyance pursuant to Rhines, but **GRANTING** a stay pursuant to Kelly.

**IT IS ORDERED** that no later than **December 30, 2020**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **January 8, 2021**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: December 9, 2020

Honorable Michael S. Berg
United States Magistrate Judge