UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN LEE BATHEN,<br><br>        Petitioner,<br>v.<br>KATHLEEN ALLISON, et al.,<br><br>        Respondents. | Case No.: 20-cv-2063-MMA (MSB)<br><br>**ORDER MODIFYING AND ADOPTING IN PART REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**<br><br>[Doc. No. 7]<br><br>**GRANTING PETITIONER'S MOTION TO STAY**<br><br>[Doc. No. 3] |

On October 21, 2020, Benjamin Lee Bathen ("Petitioner") filed a habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his 2018 conviction for three counts of making criminal threats. *See* Doc. No. 1. That same day, Petitioner filed a motion to stay proceedings pending exhaustion of state remedies and to hold this action in abeyance. *See* Doc. No. 3. Respondents filed a statement of non-opposition. *See* Doc. No. 6. United States Magistrate Judge Michael S. Berg issued a detailed and well-reasoned Report, recommending that the Court grant Petitioner's motion in part. *See* Doc. No. 7 (the "R&R"). Petitioner timely filed an objection. *See* Doc. No. 8. For the reasons set forth below, the Court **SUSTAINS** Petitioner's objection, **MODIFIES** and **ADOPTS IN PART** the R&R, and **STAYS** this action.

# I. Background

On July 19, 2018, a jury convicted Petitioner of three counts of making criminal threats. *See* Doc. No. 1. The trial court sentenced him to a term of imprisonment of two years. *See id.* Petitioner is currently on parole. *See id.*

## A.  Direct Appeal

Petitioner first appealed his conviction to the California Court of Appeal. He raised the following claims: (1) "Insufficiency of the evidence on the element of immediate prospect of execution of the threat"; (2) "Insufficiency of the evidence on the element of the reasonableness of the victim's fear"; (3) "Error to fail to instruct on attempted criminal threat"; and (4) "Error to deny probation and impose the middle term based on lack of remorse." *See id.* at 2. On October 4, 2019, the California Court of Appeal affirmed the conviction. *See id.*

Petitioner subsequently filed a petition for review to the California Supreme Court. He only addressed claims 1, 3, and 4. *See id.* The California Supreme Court denied his petition and Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. *See id.*

## B.  State Habeas Petition

On April 1, 2020, Petitioner filed a habeas corpus petition in the San Diego County Superior Court. He claimed ineffective assistance of trial counsel for failure to investigate a mental health defense based on an antidepressant that causes violence of threats as a side effect (the "IAOC Claim"). The Superior Court denied his petition. *See id.* Petitioner then filed a petition for writ of habeas corpus in the California Court of Appeal, again raising the IAOC Claim. *See id.* The state appellate court similarly denied the petition. *See id.* On August 31, 2020, Petitioner filed a habeas corpus petition in the California Supreme Court raising the IAOC Claim. *See id.* The petition in the California Supreme Court is currently pending.

**C.     Federal Habeas Petition**

On October 20, 2020, Petitioner filed a federal habeas corpus petition. *See* Doc. No. 1. He asserts the following claims: (1) the "[e]vidence was insufficient to support the element of immediate prospect of execution of the threats"; (2) the "[t]rial court erred when it failed to instruct on the lesser included offense of attempted criminal threat"; and (3) the IAOC Claim. *See id.* at 6–8. On that same day, Petitioner filed a motion to stay proceedings and hold this action in abeyance pending exhaustion of state remedies. *See* Doc. No. 3.

## II. LEGAL STANDARD

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). Pursuant to Rule 72 and 28 U.S.C. § 636(b)(1), the Court must make a de novo determination of any part of the Magistrate Judge's disposition to which a party has properly objected. *See id.*; *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

## III. DISCUSSION

Petitioner seeks to stay this action and hold it in abeyance pursuant to *Rhines v. Webber*, 544 U.S. 269 (2005). *See* Doc. No. 3 at 2. Alternatively, he requests a stay under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002). *See id.* Judge Berg correctly concluded that this case involves a mixed petition because Petitioner has not exhausted the IAOC Claim in state court. *Id.* at 4. Judge Berg further determined that Petitioner is not entitled to a stay under *Rhines*, but that a stay is appropriate under *Kelly*. *Id.* at 12. Accordingly, Judge Berg recommends that the motion be granted in part and denied in part. *See* Doc. No. 7 at 12.

As an initial matter, Petitioner does not object to the recommendation that his motion be granted under *Kelly*. *See* Doc. No. 8 at 2. Accordingly, the Court **ADOPTS**

1  that portion of the R&R. *See Reyna-Tapia*, 328 F.3d at 1121 ("Neither the Constitution
2  nor [28 U.S.C. § 636(b)(1)(c)] requires a district judge to review, de novo, findings and
3  recommendations that the parties themselves accept as correct."). But as Petitioner
4  explains, this was his alternative request. *See* Doc. No. 3 at 2. Consequently, he objects
5  to Judge Berg's recommendation that his motion be denied under *Rhines*. *See* Doc. No. 8
6  at 2.
7        Under *Rhines*, a district court has discretion to stay a mixed petition to allow
8  exhaustion of pending state court claims when: (1) the petitioner has "good cause" for
9  failing to exhaust the unexhausted claims; (2) his unexhausted claims are potentially
10 meritorious; and (3) there is no indication that the petitioner engaged in intentionally
11 dilatory tactics. *See Rhines*, 544 at 277–78. As to the first element, good cause is
12 established when "the petitioner can set forth a reasonable excuse, supported by sufficient
13 evidence" to explain a failure to exhaust unexhausted claims. *Blake v. Baker*, 745 F.3d
14 977, 982 (9th Cir. 2014) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)). A
15 "bald assertion cannot amount to a showing of good cause." *Id*.
16       Petitioner claims that his trial counsel failed to investigate whether his
17 antidepressants contributed to his behavior. *See* Doc. No. 3 at 4; *see also* Doc. No. 8 at 4
18 ("Defense counsel did not explore the possibility that the threats were a product of the
19 medication."). He offers a reasonable excuse for his failure to exhaust this claim: the
20 "claim could not have been exhausted in petitioner's direct appeal because it is based on
21 evidence that was not part of the record on appeal. That evidence is the product of new
22 investigation that petitioner's trial attorney should have, but did not, conduct." Doc. No.
23 3 at 4. As Judge Berg explained, however, Petitioner did not provide any evidentiary
24 support for his claim. *See* Doc. No. 7 at 8. Therefore, based on the record available at
25 the time, Judge Berg appropriately concluded that Petitioner had not shown the requisite
26 good cause under *Rhines*.
27       In support of his objection, however, Petitioner offers a substantial amount of
28 evidence. Although the Court acknowledges that Petitioner did not offer this evidence

with his motion, the Court has the authority to consider it in reviewing the R&R.[1] Therefore, the Court considers de novo whether Petitioner is entitled to a stay under *Rhines* based on the current record.

Petitioner urges the Court that *Blake v. Baker*, 745 F.3d 977 (9th Cir. 2014), supports granting a *Rhines* stay. *See* Doc. No. 8 at 4. In *Blake*, a petitioner sought to stay his mixed petition. *Blake*, 745 F.3d at 979. His unexhausted claim alleged ineffective assistance of trial counsel for failing to discover and present evidence to the jury of the petitioner's abusive upbringing and history of mental illness. *Blake*, 745 F.3d at 979. The district court denied the motion under *Rhines*, holding that the petitioner did not show good cause. *See Blake v. McDaniel*, No. 3:09-cv-00327-RCJ-RAM, 2010 U.S. Dist. LEXIS 116804, at *7 (D. Nev. Nov. 2, 2010). On appeal, however, the Ninth Circuit reversed and remanded with instructions that the district court grant the stay, explaining that the petitioner had in fact offered sufficient evidence to find good cause. *See Blake*, 745 F.3d at 984; *but see Wooten v. Kirkland*, 540 F.3d 1019 (9th Cir. 2008) (holding that absent evidence to support an IAOC claim, a petitioner who was "under the impression" that his counsel had exhausted the claim does satisfy the good cause requirement). Namely, the petitioner provided a neuropsychological and psychological evaluation report, a declaration by a private investigator, and thirteen declarations from family and friends. *Blake*, 745 F.3d at 983.

The Court agrees with Petitioner that this case is similar to *Blake*. Both involve an

---

[1] Pursuant to Rule 8 of the Rules Governing Section 2254 Cases, a district court judge can review further evidence submitted in objection to a report and recommendation. *See* Rule 8, Rules Governing Section 2254 Cases. Rule 8(b) provides that pursuant to 28 U.S.C. § 636(b), "[t]he [district] judge must determine de novo any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation." *Id.* Further, section 636 provides that "[t]he [district] judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C § 636 (b). This is consistent with Federal Rule of Civil Procedure 72(b)(3), which provides that "[t]he district judge may . . . receive further evidence" in resolving objections. *See* Rule 12, Rules Governing Section 2254 Cases ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

unexhausted claim for ineffective assistance of counsel. Similarly, both petitioners' trial counsel allegedly failed to properly investigate a potential defense, which therefore was not part of the record on appeal. *See* Doc. No. 8 at 4. Moreover, Petitioner's evidence is at least equal in volume and substance to the evidence provided in *Blake*. Notably, Petitioner offers ten declarations, including ones by his habeas petition counsel, various doctors, and potential witnesses, *see* Doc. No. 8-1 at 40–55, 111–116, 137–145, letters from a doctor of clinical, forensic, and addiction psychiatry and psychopharmacology, and a forensic medical examiner, *see id.* at 56–64, a package of research on the side effects of antidepressants, *see id.* at 65–72, a psychological evaluation completed following his arrest, *see id.* at 73–82, phone records between himself and his trial counsel, *see id.* at 101–110, and his antidepressant prescription, *see id.* at 129–130. Similar to *Blake*, and in light of his additional proffer, Petitioner's showing of good cause is not a "bare allegation" of ineffective trial counsel, "but a concrete and reasonable excuse, supported by evidence that his counsel failed to discover, investigate, and present to the state courts the readily available evidence" of the side effects of Petitioner's antidepressants. *Blake*, 745 F.3d at 983. Therefore, based on the current record, the Court finds that Petitioner has established good cause under *Rhines*.

The Court next turns to the remaining two elements. As explained above, Petitioner has provided a substantial amount of evidence. As such, the Court finds that Petitioner has made a sufficient showing that his trial counsel's performance was defective under the standard of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See id.* Accordingly, the Court concludes that his unexhausted IAOC Claim is potentially meritorious. Finally, there is no indication that Petitioner engaged in intentionally dilatory tactics. *See, e.g.*, Doc. No. 8-1 at 141–142 (declaration by Petitioner's habeas counsel explaining that he has been diligent in pursuing the IAOC Claim). Consequently, with all three elements met, the Court finds that Petitioner is entitled to a stay under *Rhines*.

## IV. Conclusion

Based on the foregoing, the Court **SUSTAINS** Petitioner's objection and **MODIFIES** and **ADOPTS IN PART** Judge Berg's Report and Recommendation. The Court **GRANTS** Petitioner's motion, **STAYS** this case under *Rhines*, and **HOLDS** the action in abeyance while Petitioner exhausts his pending state court habeas claim.

**IT IS SO ORDERED.**

Dated: February 10, 2021

*/s/ Michael M. Anello*
HON. MICHAEL M. ANELLO
United States District Judge