UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN LEE BATHEN,<br><br>                      Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>                      Respondents. | Case No.: 20cv2063-MMA(MSB)<br><br>**ORDER SETTING BRIEFING SCHEDULE** |

On October 20, 2020, Petitioner Benjamin Lee Bathen, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus. (ECF No. 1.) The Petition contained the following three claims: (1) "Evidence was insufficient to support the element of immediate prospect of execution of the threats"; (2) "Trial court erred when it failed to instruct on the lesser included offense of attempted criminal threat"; and (3) "Ineffective assistance of counsel for failure to investigate a mental health defense based on antidepressant causing violence or threats as a side effect." (Id. at 6-8.) On October 20, 2020, the Court issued an "Order Requiring Response to Petition (28 U.S.C. § 2254)." (ECF No. 2.) The Court required Respondent to respond to Petitioner's Petition with a motion to dismiss or an answer on or before December 21, 2020. (Id.) Petitioner was ordered to respond to the motion to dismiss or answer on or before January 21, 2021. (Id.)

On October 21, 2020, Petitioner filed a motion to stay proceedings in this case pending the exhaustion of state remedies and to hold this action in abeyance until those remedies are exhausted. (ECF No. 3.) Petitioner asserted that Claim 3 in his federal Petition alleging ineffective assistance of trial counsel was not exhausted because he had raised the claim in a habeas petition filed in the California Supreme Court, which was still pending. (Id. at 2.) In light of Petitioner's filing, the Court vacated its briefing schedule issued on October 20, 2020, and issued a briefing schedule on Petitioner's motion for stay and abeyance (ECF No. 4.) On February 10, 2021, the District Court issued an order granting Petitioner's motion to stay the action and hold it in abeyance pursuant to Rhines v. Webber, 544 U.S. 269 (2005). (ECF No. 9.)

On May 24, 2021, Petitioner filed a Status Report, stating that the California Supreme Court denied his petition, and he was not challenging that ruling via petition for writ of certiorari in the United States Supreme Court. (ECF No. 10.) On the same day, Petitioner also filed a "Memorandum of Points and Authorities in Support of the Petition for Writ of Habeas Corpus." (ECF No. 11.) On May 26, 2021, the District Court issued an order construing Petitioner's Status Report as a motion to lift the stay. (ECF No. 12 at 1.) The District Court granted Petitioner's motion and lifted the stay. (Id. at 1-2.)

Accordingly, the Court issues the following briefing schedule:

1. If Respondent contends the Petition can be decided without the Court's reaching the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, or that the Petition is barred by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner is not in custody), Respondent must file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases no later than **July 6, 2021**. The motion to dismiss must not address the merits of Petitioner's claims, but rather must address all grounds upon which Respondent contends dismissal

without reaching the merits of Petitioner's claims is warranted.[1]  At the time the motion to dismiss is filed, Respondent must lodge with the Court all records bearing on Respondent's contention in this regard.  A hearing date is <u>not</u> required for the motion to dismiss.

2. If Respondent files a motion to dismiss, Petitioner must file his opposition, if any, to the motion no later than **August 9, 2021**.  At the time the opposition is filed, Petitioner must lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion.

3. Unless the Court orders otherwise, Respondent must not file a reply to Petitioner's opposition to a motion to dismiss.  If the motion is denied, the Court will afford Respondent adequate time to respond to Petitioner's claims on the merits.

4. If Respondent does not contend that the Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent must file and serve an answer to the Petition, <u>and a memorandum of points and authorities in support of such answer</u>, pursuant to Rule 5 of the Rules Governing § 2254 Cases no later than **<u>July 6, 2021</u>**.  At the time the answer is filed, Respondent must lodge with the Court all records bearing on the merits of Petitioner's claims.  The lodgments must be accompanied by a notice of lodgment which must be captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office**."  Respondent must not combine separate pleadings, orders or other items into a combined lodgment entry.  Each item must be numbered separately and sequentially.

5. Petitioner may file a traverse to matters raised in the answer no later than **<u>August 9, 2021</u>**. Any traverse by Petitioner (a) must state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) must be limited to facts or

---

[1] If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, the motion to dismiss must also specify the state remedies still available to Petitioner.

arguments responsive to matters raised in the answer; and (c) must not raise new grounds for relief that were not asserted in the Petition.  Grounds for relief withheld until the traverse will not be considered.  No traverse can exceed ten (10) pages in length absent advance leave of Court for good cause shown.

6. A request by a party for an extension of time within which to file any of the pleadings required by this Order must be made at least seven (7) days in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause.  Any such request must be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

7. Unless otherwise ordered by the Court, this case will be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

8. Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel).  Any document delivered to the Court without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

9. Petitioner must immediately notify the Court and counsel for Respondent of any change of Petitioner's address.  If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

**IT IS SO ORDERED.**

Dated:  June 1, 2021

Honorable Michael S. Berg
United States Magistrate Judge